```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:04-CR-00024(9) |
|  | : |  |
|  | : | **OPINION AND ORDER** |
| v. | : |  |
|  | : |  |
| MARK HALL | : |  |

This matter is before the Court on Defendant's Motion to Correct the Presentence Investigation Report (doc. 524), and the United States' Response in Opposition (doc. 525). For the reasons stated herein, the Court DENIES Defendant's motion.

**I. Background**

Defendant Mark Hall filed this motion pro se, pursuant to Fed. R. Crim. Pro. 36, requesting the Court strike details contained in paragraph 85 of his Presentence Investigation Report ("PSR"). Defendant pled guilty to Count I of the indictment on November 9, 2004 (doc. 239). The United States Probation Department issued its PSR on January 25, 2005 (doc. 307) and Defendant objected to the details included in paragraph 85 (doc. 334). Specifically, paragraph 85 concluded that Defendant should be assessed one criminal history point after having been convicted in Butler County, Ohio Area II Court for Disorderly Conduct. Paragraph 85 further states:

On December 17, 1999, the defendant pursued

> his wife, Terri Hall, through a parking lot while threatening to kill her. He then forcibly drug her across the parking lot and forced her into a vehicle. Originally charged with Domestic Violence, the defendant entered a plea of guilty to the amended charge of Disorderly Conduct on January 18, 2000. He was sentenced to a suspended 30 day jail term and placed on non-reporting probation for a term of two years. According to the Butler County, Ohio Area III Court, his probation expired on January 18, 2002. Hall also completed a domestic violence program as a condition of his probation.

While Defendant did not dispute the conviction, Defendant argued that details of the incident were inaccurate, inasmuch as both he and his wife denied that he drug her across the parking lot and forced her into a vehicle (doc. 334).  In an addendum to the PSR, the Probation Officer rejected this objection, stating "[t]he details regarding this offense were obtained from the police report regarding this case.  This officer has no further information regarding the details of this offense."  Defendant did not raise this objection during his sentencing on June 7, 2005, and at that time Defendant was sentenced to four (4) years imprisonment, five (5) years of supervised release, and a $7,500 fine (doc. 366).

Defendant filed the instant motion on February 14, 2008, pursuant to Fed. R. Crim. Pro. 36, again asking the Court to strike the details contained in paragraph 85 of the PSR (doc. 524). Defendant submitted an affidavit from his wife confirming that on the day of the incident in question "[the Defendant] never forcibly dragged me across the parking lot and force [sic] me into a

-2-

vehicle" (Id.). Defendant argues that a defendant retains the opportunity to challenge any matters in his PSR which may be used to his disadvantage during his incarceration when such information is relied on by the Court in sentencing (Id., citing United States v. LeBlanc, 762, F.2d 502 (6th Cir. 1985)). Defendant states that he was denied camp status as a result of the information contained in the PSR (Id.). Defendant challenged the information in paragraph 85 with the United States Probation Department (Id.). The response of Probation Officer Thomas Barbeau states that the description found in paragraph 85 was solely obtained from the police report of the incident, and based on information provided by an alleged eyewitness (Id.). Defendant argues that in light of the contradictory affidavit provided by his wife, the information in paragraph 85 cannot be deemed reliable, and therefore must be struck from the PSR under Fed. R. Crim. Pro. 32 (Id., citing United States v. Sisti, 91 F.3d 305, 310 (2nd Cir. 1996) (stating the purpose of Fed. R. Civ. Pro. 32 is "to ensure that a defendant is not sentenced on the basis of materially untrue statements or misinformation").

In response, the government argues that the Court should deny Defendant's motion because the Court lacks jurisdiction in this matter (doc. 525). The government notes that beyond seven days after sentencing, a court only retains the jurisdiction to amend judgment if the court finds that it made a "clerical error in

-3-

judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission" (Id., citing Fed. R. Civ. P. 36; United States v. Robinson, 368 F.3d 653, 656 (6th Cir. 2004)).  Further, the government contends that even if the Court finds it has jurisdiction in this matter, the Court should deny Defendant's motion based on the record (Id.).  The government states that, as a condition of Defendant's Disorderly Conduct sentence in Butler County, Defendant was ordered to complete a domestic violence program, undermining Defendant's assertion that domestic abuse was not part of the December 17, 1999 incident (Id.).  Finally, the government argues that Defendant raised this same objection prior to sentencing, and that the Court need not reconsider it now (Id.).

**II. Discussion**

The Court, having reviewed this matter, finds that it does not have jurisdiction to amend Defendant's PSR.  Fed. R. Crim. Pro. 35 allows a court to correct a sentence that resulted from arithmetical, technical, or clear error within seven days after sentencing.  Beyond seven days, Fed. R. Crim. P. 36 provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

The Sixth Circuit has held that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation,

-4-

of the sort that a clerk or amanuensis might commit, mechanical in nature." Robinson, 368 F.3d at 656 (quoting United States v. Coleman, 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. Aug.15, 2000)). The correction Defendant requests is not the result of a clerical error, but rather a factual dispute underlying a past criminal conviction, and therefore, the Court lacks the jurisdiction to amend Defendant's PSI.

**III. Conclusion**

For the foregoing reason, the Court DENIES Defendant's motion to correct his Presentence Investigation Report (doc. 524).

SO ORDERED.

Dated: April 1, 2008            /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge